*Judge Pauley*

09 CV 5069

James H. Hohenstein
Christopher R. Nolan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
        chris.nolan@hklaw.com
        lissa.schaupp@hklaw.com

Attorneys for Plaintiff,
*Armada (Singapore) Pte Ltd*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMADA (SINGAPORE) PTE LTD, | |
| Plaintiff, | 09 Civ. _____ |
| -against- | **AFFIDAVIT OF** |
| | **JAMES H. HOHENSTEIN** |
| NORTH CHINA SHIPPING CO. LTD., BVI, | |
| Defendant. | |

JAMES H. HOHENSTEIN, being duly sworn, deposes and says:

1.      I am a member of the firm Holland & Knight LLP, attorneys for plaintiff Armada
(Singapore) Pte Ltd, and I am duly admitted to practice to practice before the United States
District Court for the Southern District of New York.

2.      I am fully familiar with the matters set forth herein.  This Affidavit is submitted
for the convenience of the Court and in support of Armada's application, pursuant to Articles 62

and 53 of the New York Civil Practice Law and Rules ("CPLR"), as made applicable through

Rule 64 of the Federal Rules of Civil Procedure, for an Order of Attachment against the property

of Defendant North China Shipping Co. Ltd., BVI ("NCS") within this District and the

recognition of Armada's judgment against NCS as the judgment of this Honorable Court.

 3.  Attached as Exhibit 1 hereto is the Declaration of Edward Gray dated May 28,

2009.

 4.  Attached as Exhibit 2 hereto is the Declaration of Peter J. Pecry dated May 28,

2009.

 5.  Attached as Exhibit 3 hereto is the Order of the Hon. Loretta A. Preska in *Armada*

*(Singapore) Pte Ltd. v. Glory Wealth Shipping Service Ltd.,* 09 Civ. 4415 (LAP) (May 12, 2009).

 6.  Attached as Exhibit 4 hereto is a copy of the *Ex Parte* Order of Attachment so

ordered by the Hon. Michael B. Mukasey in *V. Corp Ltd. v. Redi Corp,* 04 Civ. 1683 (MBM),

2004 WL 2290491 (S.D.N.Y. Oct. 9, 2004).


Dated: New York, New York
   May 29, 2009

                 James H. Hohenstein

Sworn to before me this
29th day of May, 2009


Notary Public

ROSE MARIE LOGGIA
Notary Public, State of New York
No. 01LO4603173
Qualified in Kings County
Commission Expires August 31, 2010

# 6284374_v1

2

# EXHIBIT 1

James H. Hohenstein
Christopher R. Nolan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
       chris.nolan@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Plaintiff,
*Armada (Singapore) Pte Ltd*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMADA (SINGAPORE) PTE LTD,<br><br>       Plaintiff,<br><br>     -against-<br><br>NORTH CHINA SHIPPING CO. LTD., BVI,<br><br>       Defendant. | 09 Civ. _____<br><br>**DECLARATION OF<br>EDWARD GRAY<br>IN ACCORDANCE<br>WITH 28 U.S.C. § 1746** |

    I, EDWARD GRAY, declare as follows:

    1.    I am a solicitor and a member of MFB Solicitors, 45 Moorfields, London, EC2Y

9AE, United Kingdom, solicitors for plaintiff Armada (Singapore) Pte Ltd ("Armada"). My firm

represented Armada in a proceeding against defendant North China Shipping Co. Ltd., BVI

("North China Shipping" or "Defendant") in the High Court of Justice, Queen's Bench Division,

Commercial Court in London, England.  This proceeding is discussed in detail below.

2.      Based on my representation of Armada, I am fully familiar with the matters set forth herein.

3.      This Declaration is submitted in support of Armada's application, pursuant to Articles 62 and 53 of the New York Civil Practice Law and Rules ("CPLR"), as made applicable through Rules 64 and 69 of the Federal Rules of Civil Procedure, for an order of attachment against the property of North China Shipping within this District and the recognition of Armada's judgment against North China Shipping as the judgment of this Honorable Court.

4.      I am advised by Holland & Knight LLP, Armada's New York attorneys, that the grounds for the order of attachment sought by Armada as against North China Shipping are that Armada has a foreign (English) judgment against North China Shipping, which is entitled to recognition and enforcement under Article 53 of the CPLR.

5.      On April 20, 2009, the Honorable Mr. Justice Smith of the High Court of Justice, Queen's Bench Division, Commercial Court of London, England issued a Judgment in Default of Acknowledgment of Service in favor of Armada and against North China Shipping ("Default Judgment"). A true and correct copy of the Default Judgment is annexed hereto as Exhibit A. The Default Judgment contains the authenticating date stamp by the Supreme Court of Justice, Admiralty & Commercial Registry of 24 April 2009.

6.      The Default Judgment mistakenly provided for interest to be paid under the Supreme Court Act of 1981 whereas the reference should have been to the Judgments Act of 1838.[1] Accordingly, my firm made a short application to the court dated May 8, 2009, following which the Default Judgment was amended to provide for interest under the correct Act. A true and correct copy of the May 8, 2009 application and Default Judgment as amended are attached

---

[1] Section 35A of the Supreme Court Act 1981 deals with interest up until the date of judgment, rather than post-judgment interest as is appropriate here.

hereto as Exhibit B.  The Default Judgment (as amended) contains the authenticating stamp by the Supreme Court of Justice, Admiralty & Commercial Registry of 13 May 2009.

7.      The Default Judgment (as amended) adjudged the following with respect to Armada (referenced as the "Claimant") and Defendant:

      i.   The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgment calculated in the amount of US$4,281.17.

      ii.  The Defendant pay simple interest on the judgment sum from the date of judgment until payment in accordance with Section 17 of the Judgments Act of 1838.

      iii. The Defendant pay the Claimant's costs, summarily assessed at £3,500.

8.      By way of background, I will address the following circumstances surrounding Armada's initiation of proceedings in the High Court of Justice, Queen's Bench Division, Commercial Court against North China Shipping, and the eventual issuance of the Default Judgment against North China Shipping.

9.      Armada and North China Shipping entered into a Forward Freight Swap Agreement (the "FFA") dated March 22, 2007.

10.     The FFA incorporated by reference the 1992 ISDA Master Agreement (Multicurrency Cross Border) (without schedule) with applicable amendments set forth in Clause 10 of the FFA.

11.     Pursuant to the terms of the FFA North China Shipping became liable to Armada in the principal amount of US$764,472.49 which, after Armada had served the requisite notices upon North China Shipping, North China Shipping failed to pay.  Armada's claim against North China Shipping was a simple claim for unpaid contractual debts concerning which Defendant was given ample opportunity to pay and/or otherwise contest.

12.     In accordance with Clause 16 of the FFA, which states that the contract shall be subject "to the exclusive jurisdiction of the High Court of Justice in London, England," on February 20, 2009, Armada filed suit against North China Shipping with the requisite Claim Form, Particulars of Claim and Annexes in the High Court of Justice, Queen's Bench Division, Commercial Court (the "High Court proceeding").

13.     In order to be able to serve Defendant out of the jurisdiction, I also submitted an application on February 20, 2009 for leave to serve Defendant out of the jurisdiction.  This application was granted in the Order of Mr. Justice Steel dated February 23, 2009, which granted leave to serve Defendant out of the jurisdiction in Hong Kong.

14.     Also pursuant to the Order of Mr. Justice Steel dated February 23, 2009, the Defendant was permitted 31 days from the date of service of the claim to file an Acknowledgment of Service.

15.     In accordance with English law and the parties' agreement as set out in the FFA, my firm served upon the Defendant all the requisite papers from the High Court proceeding, including the Claim Form, the Particulars of Claim, the Order of Mr. Justice Steel dated February 23, 2009, the Application Notice and Witness Statement in respect of Armada's application for leave to serve out of the jurisdiction and the Acknowledgment of Service form and guidance note (the "Papers").  A detailed explanation of the steps taken by Armada to serve Defendant is set forth in my statement entitled "Second Witness Statement of Edward Gray" that was submitted in support of Armada's application for a default judgment against Defendant (the "Second Gray

4

Statement").[2]  A true and correct copy of that statement is annexed hereto as Exhibit C (without enclosures).

16.     By way of summary Armada served the Papers upon Defendant on three separate occasions:

      i.   On March 4, 2009 via ordinary post at Defendant's address in the FFA;

      ii.  On March 7, 2009 via e-mail at Defendant's e-mail address in the FFA; and,

      iii. On March 13, 2009 via registered mail.

17.     While service via registered mail was not required under the terms of the FFA, Armada took this additional step to ensure service upon Defendant for the sake of good order.

18.     Under Civil Procedure Rules ("CPR") 10.3(2)(b) and CPR58.6(3), which are the applicable procedural rules, and pursuant to the Order of Mr. Justice Steel the Defendant was required to file an Acknowledgment of Service by April 4, 2009 (based on service by ordinary post) or alternatively by April 7, 2009 (based on service by e-mail).

19.     The Defendant did not file an Acknowledgment of Service or any defence with the court, and none was returned to Armada.

20.     As is mentioned above, Armada's service on Defendant of the Papers in the High Court proceeding was in accordance with both applicable English law and the terms of the FFA. In addition, Armada took the additional measure of serving Defendant via registered mail for the sake of good order.

21.     Defendant itself has acknowledged that it had notice of the High Court proceeding.  In an e-mail dated April 8 2009 from Mr. Yi Yue Feng, a representative of

---

[2] My first Witness Statement was submitted in support of Armada's application to serve Defendant out of the jurisdiction in Hong Kong.

Defendant, to my assistant Mr. Simon Johnson, Defendant acknowledged that it was aware of the High Court proceeding but did not indicate any willingness to participate. As the April 8, 2009 e-mail was marked by North China Shipping as "without prejudice," it is not attached hereto as an exhibit.

22.    Based on Defendant's failure to file an Acknowledgement of Service, and its failure to file any defence or make any appearance in the High Court proceeding whatsoever, on or about April 9, 2009 my firm submitted in the High Court proceeding Armada's application for an order that default judgment should be entered against Defendant pursuant to CPR 12.1, which is the applicable procedural rule. A true and correct copy of the Application Notice is attached hereto as Exhibit D. The Second Gray Statement discussed above in paragraph 14, and attached as Exhibit B (without enclosures) was also submitted in support of Armada's default application.

23.    As is discussed above in paragraph 5, on or about April 20, 2009, the court issued the Default Judgment in favor of Armada and against the Defendant.

24.    In an e-mail dated April 24, 2009, my assistant, Mr. Johnson, advised Defendant of the issuance of the Default Judgment and served upon North China Shipping via e-mail a copy of the Default Judgment as well as the application for default judgment and supporting witness statement, i.e., the Second Gray Statement referenced in paragraphs 14 and 22, *supra*. A true and correct copy of the April 24, 2009, e-mail is attached hereto as Exhibit E.

25.    On or about April 27, 2009, my firm also sent notice of the issuance of the Judgment to Defendant via facsimile and enclosed a copy of the Judgment. A true and correct copy of the April 27, 2009 facsimile is attached hereto as Exhibit F. Notice of the Default Judgment was also served via regular mail. A true and correct copy of the letter dated April 24, 2009 and sent to Defendant via regular mail is attached hereto as Exhibit G.

26.     The e-mail, facsimile, and letter sent via ordinary mail to Defendant all advised Defendant as follows: "You are recommended to take note of this judgment and seek legal advice as to its effects."

27.     As is discussed in paragraph 6, the Default Judgment was amended by application to correct a statement regarding the act under which post-judgment interest is to be calculated. The Default Judgment as amended was served via e-mail, regular mail, and facsimile on NCS on May 15, 2009. True and correct copies of the e-mail, letter, and facsimile enclosing the amended Default Judgment that were served on NCS are attached hereto as Exhibit H.

28.     On May 16, 2009, my assistant Mr. Johnson received a response from NCS, which indicated that it had received the e-mail containing the amended Default Judgment. A true and correct copy of NCS's reply e-mail is attached hereto as Exhibit I.

29.     NCS's May 16, 2009 e-mail referenced a notice of assignment for unpaid hire in the amount of US$800,000.00. The notice of assignment to which NCS refers is addressed in the Declaration of Peter J. Pecry dated May 28, 2009.

30.     Although NCS has refused to provide a copy of the purported assignment, Assignor Shagang Shipping Co. Ltd. ("Shagang") provided a copy to Armada. The purported assignment states English law is applicable. But under English law, the purported assignment is likely to be invalid. Assignments of claims for damages (which Shagang's claim is, assuming it is well-founded) are only valid where the assignee has a genuine, pre-existing interest or a "genuine commercial interest" in the prosecution of the underlying claim. I do not, of course, know the full background of the arrangement between Shagang and Defendant, but it appears to be an artificial construct, whose only purpose is to impede enforcement of Armada's judgment. I do not consider that this would qualify as "genuine commercial interest". My opinion on this is

reinforced by the position in relation to assignments of debts, claims and choses in action in the insolvency and administration context. In that context, English law generally permits the set-off of "mutual debts, mutual credits and other mutual dealings" between a company and a creditor. But there is specific provision to cover the current position in Rule 4.90 of the Insolvency Rules 1986, a copy of which is exhibited as Exhibit J. Rule 4.90 is applicable to company schemes of arrangement and provides that while "mutual debts, mutual credits and other mutual dealings" may be set off against each other, any debts acquired by a creditor by assignment or otherwise pursuant to an agreement entered into after creditors had notice may **not** be set-off. Public policy considerations are clearly antipathetic to manoeuvres such as that arranged in this case by Defendant, and I consider that is another reason why the assignment would be found invalid or ineffective.

31.     Accordingly, the sum owed by Defendant to Armada is over and above all counterclaims Defendant may have.   No counterclaims were raised in the High Court proceeding, and I am not aware of any counterclaims Defendant may have arising out of the parties' FFA. Nor does Armada have any knowledge of any counterclaims which are undisputed and concerning which Armada concedes as just.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28 day of May in 2009, in London, England.

Edward Gray

**EDWARD GRAY
PARTNER
MFB**

# 6296739_v1

8

# EXHIBIT A

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

**THE HONOURABLE MR JUSTICE SMITH**



2009 Folio 222

B E T W E E N:

**ARMADA (SINGAPORE) PTE LTD**

<u>Claimant</u>

– and –

**NORTH CHINA SHIPPING CO. LTD., BVI**

<u>Defendant</u>

---

**JUDGEMENT IN DEFAULT OF**

**ACKNOWLEDGEMENT OF SERVICE**

---

UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009;

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1. The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2. The Defendant pay simple interest on the judgement sum from the date of judgement until payment in accordance with Section 35A of the Supreme Court Act 1981

3. The Defendant pay the Claimant's costs, summarily assessed at £3,500.

DATED this 20 April 2009

# EXHIBIT B



The Court Manager
The Commercial Court Office
The Royal Court of Justice
Strand
London
WC2A 2LL

OUR REF:     SJ/ARM/0009/305896
YOUR REF:    **2009 Folio 222**

45      MOORFIELDS
LONDON     EC2Y     9AF

TELEPHONE:  020 7330 8000
FACSIMILE:  020 7256 8778
EMAIL:  mail@m-f-b.co.uk
WEBSITE:  www.m-f-b.co.uk

8 May 2009

Dear Sir

### 2009 Folio 222; ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD., BVI

We act for the Claimant in this matter and write with respect to the Default Judgement against the Defendant made by the Honourable Mr Justice Smith.

We have noted that due to an error on our part, paragraph 2 of the judgement states that the Defendant is to pay simple interest on the judgement sum from the date of judgement until payment in accordance with s35A of the Supreme Court Act 1981. However, s35A does of course deal with interest up until the date of judgement rather than post-judgement interest. Our intention was to cite s17 of the Judgement Act 1838 in respect of post-judgement interest and the reference to the Supreme Court Act was a simple error.

Given the accidental and obvious nature of this error, we request that the judgement be amended pursuant to CPR40.12 to provide for interest to be paid under the s17 of the Judgement Act. A copy of the Default Judgement made is attached, along with an amended draft and a copy of our original application for default judgement.

This application is made in the form of a letter as permitted by CPR40 PD4.1.

Please do not hesitate to contact Simon Johnson of this firm should the Court consider it necessary to do so.

Kind regards

MFB

**MFB**

· Stuart Blaxell · Joanna Bruce · Faye Doherty · Edward Gray · Ian Hawkes · Gerard Hopkins · Andrew Hughes ·
· Peter Jago · Michael Mitchell, Master Mariner · Mark Seward · Jonathan Watson · Simon Wolsey · Andrew Wright ·

Regulated by the Solicitors Regulation Authority

**IN THE HIGH COURT OF JUSTICE**                          2009 Folio 222

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

**THE HONOURABLE MR JUSTICE SMITH**

B E T W E E N:

### ARMADA (SINGAPORE) PTE LTD

<u>Claimant</u>

– and –

### NORTH CHINA SHIPPING CO. LTD., BVI

<u>Defendant</u>





---

## JUDGEMENT IN DEFAULT OF

## ACKNOWLEDGEMENT OF SERVICE

---

UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009;

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1. The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2. The Defendant pay interest on the Judgement sum from the date of Judgement until payment in accordance with Section 17 of the Judgements Act 1838

3. The Defendant pay the Claimant's costs, summarily assessed at £3,500

DATED this 20 April 2009

# EXHIBIT C

(1) Armada
(Singapore)
Pte Ltd
(2) E. Gray
(3) 2nd Witness
Statement
(4) 8 April 2009
(5) Exhibit 'EGG2'

<u>IN THE HIGH COURT OF JUSTICE</u>

<u>QUEEN'S BENCH DIVISION</u>

<u>COMMERCIAL COURT</u>

B E T W E E N:

### ARMADA (SINGAPORE) PTE LTD

<u>Claimant</u>

– and –

### NORTH CHINA SHIPPING CO. LTD, BVI

<u>Defendant</u>

## SECOND WITNESS STATEMENT OF EDWARD GRAY

I, Edward Gray of MFB Solicitors, 45 Moorfields, London, EC2Y 9AE will say as follows:-

1.      I am a solicitor of the Supreme Court and a partner of MFB Solicitors of the above address, solicitors for the Claimant/Applicant herein.  I have control of this matter on behalf of the Claimant and I am duly authorised to make this

2

statement.   The facts to which I depose herein are true to the best of my information and belief and are derived from the sources hereinafter specified.

2.   I am the same Edward Gray who made a witness statement dated 19.02.09. I make this statement in support of an application for default judgement on the basis that the Defendant has failed to file an Acknowledgement of Service.

3.   Unless otherwise stated the matters to which I refer in this witness statement are known to me from my conduct of this matter on behalf of the Claimant and are true to the best of my knowledge, information and belief.

4.   I refer in the course of this witness statement to a bundle of copy documents which is exhibited here to and marked 'EGG2'. References to page numbers are references to the attached bundle which includes inter alia copies of the following:

   i.   The issued/served Claim Form, Particulars of Claim & Annexes thereto (pgs 1 to 38)

   ii.   The Order of Mr Justice Steel dated 23.02.09 granting leave to serve out (pgs 41 to 42).

   iii.   Application Notice dated 19.02.09 & my supporting witness statement in respect of the application for leave to serve out of the jurisdiction (pages 43 to 49).

The Claim

5.   The Claimant's claim is as set out in the Claim Form, the Particulars of Claim and the supporting documents. In the Claimant's submission this case is a simple claim for unpaid contractual debts owed by the Defendant to the Claimant.

The Defendants' failure to file an Acknowledgement of Service

6.   Pursuant to an Order of Mr Justice Steel dated 23.02.09 (pgs 41 to 42), the Claimant had permission to serve the Claim Form and supporting documents on the Defendant out of the jurisdiction and the Defendant was permitted 31

3

days from the date of service of the claim to file an Acknowledgement of Service.

7.    As set out in my witness statement of 19.02.09 (pgs 46 to 49), the FFA contract that is the subject of this claim provides as follows:

"*16) Law and Jurisdiction:*

*This Confirmation shall be governed by and construed in accordance with English law and shall be subject to the exclusive jurisdiction of the High Court of Justice in London, England. The terms of Section 12(a) of the Standard Agreement notwithstanding, proceedings may be validly served upon either party by sending the same by ordinary post and/or by fax to the addresses and/or fax numbers for each party given above.*"

8.    Furthermore, the FFA contract also incorporates the terms of the ISDA Master Agreement (with minor amendments). Section 12 of the ISDA Agreement provides as follows (pg 27):

"*12. Notices*

*Effectiveness. Any notice or other communication of this Agreement may be given in any manner set forth below (except that a notice or other communication under Section 5 or 6 may not be given by facsimile transmission or electronic messaging system) to the address or number in accordance with the electronic messaging system details provided (see the Schedule) and will be deemed effective as indicated:-*

*...*

*(v)    if sent by electronic messaging system, on the date that electronic message is received*

*...*

*Unless the date of that delivery... is not a Local Business Day or that communication is delivered (or attempted) or received, as applicable, after the close of business on a Local Business Day, in which case that communication*

4

*shall be deemed given and effective on the first following day that is a Local Business Day."*

9.  In accordance with Section 16 of the FFA, on 27.02.09 my firm sent the Claim Form, the Particulars of Claim, the Order of Mr Justice Steel dated 23.02.09, the Application Notice & Witness Statement in respect of the Claimant's application for leave to serve out and the Acknowledgement of Service form and guidance note to the Defendant at the address provided for in the FFA contract by ordinary post (airmail) (see pg 50).

10. Royal Mail expect to delivery to worldwide destinations within 5 days from the date of posting (pg 51). The Claimant therefore considers that the claim was served by ordinary post on the Defendant on or about 04.03.09.

11. In addition, in accordance with the Section 12 of the ISDA Agreement, the Claimant served the Defendant via e-mail on 06.03.09 (pg 52) at the e-mail address provided by the Defendants in the FFAs. The e-mail would have been received on 07.03.09 and the Claimant considers that the Defendant was served by e-mail on that day.

12. For the sake of good order and although not strictly required under the terms of the contract, on 09.03.09 the Claimant sent the Defendant by registered post a further copy of all of the documents previously sent (including original Court sealed copies of the Claim Form and application notices). Those documents were received by the Defendant on 13.03.09 (pgs 53 to 54).

13. Under CPR10.3(2)(b) and CPR58.6(3) and the Order of Mr Justice Steel the Defendant was required to file an Acknowledgement of Service by 04.04.09 (based on service by ordinary post) or alternatively by 07.04.09 (based on service by e-mail).

14. A Certificate of Service was filed on 19.03.09 and is on the Court file (pg 55).

15. The Defendant is required under CPR58.6 to file an Acknowledgement of Service in relation to every claim issued in the Commercial Court.

5

16.  The Defendant has not filed an Acknowledgement of Service or any Defence to date and no admission has been filed with the Court or returned to the Claimant.

Interest

17.  Pursuant to the terms of the FFAs (Clause 10, page 9) and the ISDA Agreement the Defendant is liable to pay interest on all unpaid sums due under the FFA. Paragraph 10 (g) of the FFA provides that:

*"the Applicable Rate shall mean one month USD-LIBOR plus 2%, reset daily and compounded monthly."*

18.  Our costs draftsman has performed the interest calculations in respect of the sums due on the FFA contract. As no daily LIBOR rate was set or available on certain days (principally weekends and public holidays) our costs draftsman has calculated an average daily rate for the month. The interest accrued has then been compounded on a monthly basis. The interest breakdowns are attached (pgs 56 to 58) and the total amount of interest due as of 05.04.09 is US$4,281.17.

Costs

19.  I attach the Schedule of Costs incurred in relation to this matter for summary assessment (pgs 57 to 59).

Relief Sought

20.  Accordingly the Defendant is in default of the requirement to file an Acknowledgement of Service and the Claimant therefore respectfully asks the court to grant the Claimant judgement in default as follows:-

1.  US$764,472.49 against the Defendant;

2.  Interest on the above amount against the Defendant at the contractual rate calculated in the amount of US$4,281.17;

3.  Simple interest from the date of judgement until payment in accordance with Section 35A of the Supreme Court Act 1981

6

    4.    Costs to be summarily assessed;

21.    A draft order is attached to the Claimant's application notice.

**STATEMENT OF TRUTH**

The contents of this statement are true to the best of my knowledge, information and belief.

SIGNED..............................................

           Edward Gray, MFB

DATED    08 April 2009

# EXHIBIT D

# Application Notice

- You must complete Parts A **and** B, **and** Part C if applicable
- Send any relevant fee and the completed application notice to the court with any draft order, witness statement or other evidence
- It is for you (and not the court) to serve this application notice

| | |
|---|---|
| **In the** | **High Court of Justice**<br>**Queen's Bench Division**<br>**Commercial Court**<br>**Royal Courts of Justice** |
| **Claim No.** | 2009 Folio 222 |
| **Warrant no.**<br>(if applicable) | |
| **Claimant(s)**<br>(including ref.) | Armada (Singapore) Pte Ltd<br><br>(EGG/ARM0009) |
| **Defendant(s)**<br>(including ref.) | North China Shipping Co. Ltd., BVI |
| **Date** | 08.04.09 |

---

**You should provide this information for listing the application**

Time estimate            (hours)        (mins)

Is this agreed by all parties?   Yes ☐    No ☐

Please always refer to the Commercial Court Guide for details of how applications should be prepared and will be heard, or in a small number of exceptional cases can be dealt with on paper.

---

## Part A

**1.** Where there is more than one claimant or defendant, specify which claimant or defendant

(The claimant)(~~The defendant~~)[1]

**2.** State clearly what order you are seeking (if there is room) or otherwise refer to a draft order (which must be attached)

intend(s) to apply for an order (a draft of which is attached) that[2]

default judgement should be entered into against the Defendant pursuant to CPR 12.16

**3.** Briefly set out why you are seeking the order. Identify any rule or statutory provision

because[3]

of the reasons set out in the second witness statement of Edward Gray dated 08.04.09 and in particular because of the Defendant's failure to file an Acknowledgement of Service.

This application is made without notice.

---

The court office at the Admiralty & Commercial Registry, Royal Courts of Justice, Strand, London WC2A 211

is open from 10am to 4.30 pm Monday to Friday. When corresponding with the court please address forms or letters to the Clerk to the Commercial Court and

**Part C**                                            Claim No. | 2009 Folio 222

**(Note: Part C should only be used where it is convenient to enter here the evidence in support of the application, rather than to use witness statements or affidavits)**

(The claimant)(The defendant)[1] wishes to rely on the following evidence in support of this application:

---

**Statement of Truth**

*(I believe)(The applicant believes) that the facts stated in this application notice are true

*I am duly authorised by the applicant to sign this statement

Full name...... Edward Gray ............................................................

Name of *(Applicant)('s litigation friend)('s solicitor)

....................................................................................................

Signed                                    Position or        PARTNER  MFB
                                          office held
   *(Applicant)('s litigation friend)('s solicitor)  (if signing on
                                          behalf of firm,
                                          company or
                                          corporation)

*delete as appropriate              Date        8 APRIL 209

## Part B

(The claimant)(~~The defendant~~)[1] wishes to rely on: *tick one:*

the attached (witness statement)(~~affidavit~~) ☑    (the claimant)(the defendant)'s[1] statement of case ☐

evidence in Part C overleaf in support of this application ☐

**Signed**

**Position or office held**
(if signing on behalf of firm, company or corporation)

PARTNER MFB.

(Applicant)('s ~~litigation friend~~) ('s solicitor)

4. If you are not already a party to the proceedings, you must provide an address for service of documents

Address to which documents about this claim should be sent (including reference if appropriate)[4]

| | | if applicable | |
|---|---|---|---|
| MFB Solicitors<br>45 Moorfields<br>London<br><br>(EGG/ARM0009) | Tel. no. | 020 7330 8000 | |
| | fax no. | 020 7256 6778 | |
| | DX no. | | |
| Postcode | EC2Y 9AE | e-mail | egray@m-f-b.co.uk |

# EXHIBIT E

**Simon Johnson**

| | |
|---|---|
| **From:** | Simon Johnson |
| **Sent:** | 24 April 2009 18:40 |
| **To:** | 'cui@northchina.com.hk'; 'Yi Yue Feng' |
| **Cc:** | Edward Gray |
| **Subject:** | RE: Armada (Singapore) Pte Ltd v North China Shipping Co. Ltd., BVI |
| **Attachments:** | 2009 Folio 222 Default Judgement.pdf; Application for Default Judgement..pdf |

Attn: Li Zhen & Yi Yue Feng

Dear Sirs

**ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI; Claim No. 2009 Folio 222. English High Court**

We have recently obtained a judgement in default of acknowledgement of service by you in respect of the above matter. A copy of the judgement is attached and an original court sealed copy has been sent to you via ordinary post.

We also attach a copy of our application for default judgement and the supporting witness statement for your information.

You are recommended to take note of this judgement and seek legal advice as to its effects.

Yours faithfully

MFB

27/04/2009

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

THE HONOURABLE MR JUSTICE SMITH

2009 Folio 222

B E T W E E N:

ARMADA (SINGAPORE) PTE LTD

Claimant

– and –

NORTH CHINA SHIPPING CO. LTD., BVI

Defendant

---

## JUDGEMENT IN DEFAULT OF
## ACKNOWLEDGEMENT OF SERVICE

---

UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009;

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1. The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2. The Defendant pay simple interest on the judgement sum from the date of judgement until payment in accordance with Section 35A of the Supreme Court Act 1981

3. The Defendant pay the Claimant's costs, summarily assessed at £3,500.

DATED this 20 April 2009

# EXHIBIT F

# FACSIMILE TRANSMISSION



S O L I C I T O R S

**Confidentiality Notice**
The information contained in this fax is confidential and may be privileged. It is only for the use of the intended recipient. If you are not the named or intended recipient, please notify us immediately. In such an event, you must not make any use of this fax or the information contained in it and you may not disclose the contents to any other person. Please contact us immediately if any part of this fax is inadequately received.

45    MOORFIELDS

LONDON   EC2Y   9AE

TELEPHONE: 020 7330 8000

FACSIMILE:  020 7256 6778

EMAIL: mail@m-f-b.co.uk

WEBSITE: www.m-f-b.co.uk

TOTAL NUMBER OF PAGES            2

| | |
|---|---|
| DATE: | 27 April 2009 |
| TO: | **North China Shipping Co. Ltd. BVI** |
| REF/ATT: | Li Zhen |
| FAX NO: | +852 285 070 70 |
| OUR REF: | SJ/ARM/0009/305014 |
| MATTER: | **ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI** |

Dear Sirs

We write further to our e-mail of 24 April 2009.

As stated therein we have recently obtained a judgement in default of acknowledgement of service by you in respect of the above matter. A copy of the judgement is attached.

You are recommended to take note of this judgement and seek legal advice as to its effects.

Yours faithfully

**MFB**

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

THE HONOURABLE MR JUSTICE SMITH



2009 Folio 822

B E T W E E N:

### ARMADA (SINGAPORE) PTE LTD

Claimant

-- and --

### NORTH CHINA SHIPPING CO. LTD., BVI

Defendant

---

## JUDGEMENT IN DEFAULT OF
## ACKNOWLEDGEMENT OF SERVICE

---

UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009;

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1.   The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2.   The Defendant pay simple interest on the judgement sum from the date of judgement until payment in accordance with Section 35A of the Supreme Court Act 1981

3.   The Defendant pay the Claimant's costs, summarily assessed at £3,500.

DATED this 20 April 2009

```
**********************
***  TX REPORT  ***
**********************

TRANSMISSION OK

TX/RX NO                 4235
DESTINATION TEL #        0085228507070
DESTINATION ID
ST. TIME                 27/04 10:14
TIME USE                 00'32
PAGES SENT               2
RESULT                   OK
```

# FACSIMILE TRANSMISSION

## M  F  B

### S O L I C I T O R S

**Confidentiality Notice**
The information contained in this fax is confidential and may be privileged. It is only for the use of the intended recipient. If you are not the named or intended recipient, please notify us immediately. In such an event, you must not make any use of this fax or the information contained in it and you may not disclose the contents to any other person. Please contact us immediately if any part of this fax is inadequately received.

45    M O O R F I E L D S

L O N D O N   E C 2 Y   9 A E

TELEPHONE: 020 7330 8000

FACSIMILE:  020 7256 6778

EMAIL: mail@m-f-b.co.uk

WEBSITE: www.m-f-b.co.uk

TOTAL NUMBER OF PAGES            2

| | |
|---|---|
| DATE: | 27 April 2009 |
| TO: | **North China Shipping Co. Ltd. BVI** |
| REF/ATT: | Li Zhen |
| FAX NO: | +852 285 070 70 |
| OUR REF: | SJ/ARM/0009/305014 |
| MATTER: | **ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI** |

Dear Sirs

We write further to our e-mail of 24 April 2009.

As stated therein we have recently obtained a judgement in default of acknowledgement of service by you in respect of the above matter. A copy of the judgement is attached.

You are recommended to take note of this judgement and seek legal advice as to its effects.

Yours faithfully



# EXHIBIT G

North China Shipping Co. Ltd., BVI
Rm. 3503-3511, 35F
West Tower
Shun Tak Centre
168-200 Connaught Road Central
Sheung Wan
Hong Kong

OUR REF:   SJ/ARM/0009/304987
YOUR REF:   Li Zhen


24 April 2009


Dear Sirs

**ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI;
Claim No. 2009 Folio 222. English High Court**

We have recently obtained a judgement in default of acknowledgement of service by you in respect of the above matter.

You are recommended to take note of this judgement and seek legal advice as to its effects.

This letter is being sent via ordinary post. We will also be serving copies of the judgement via e-mail and by fax.

Yours faithfully



**MFB**

# EXHIBIT H

## Simon Johnson

| | |
|---|---|
| **From:** | Simon Johnson |
| **Sent:** | 15 May 2009 17 00 |
| **To:** | 'cui@northchina.com.hk': 'Yi Yue Feng' |
| **Cc:** | Edward Gray |
| **Subject:** | Armada (Singapore) Pte Ltd v North China Shipping Co Ltd , BVI |

**Attachments:** Judgement in Default.pdf

**ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI; Claim No. 2009 Folio 222. English High Court**

**Attn: Eric Chu, Li Zhen & Yi Yue Feng**

Dear Sirs

Further to our recent exchanges, please find attached an amended Judgement in Default of the English High Court

The original Judgement in Default served upon you erroneously provided for interest to be paid under the Supreme Court Act. However, the Supreme Court Act deals with pre-judgement interest and the intended reference was to the Judgements Act 1838 The Court has agreed that the Judgement should be amended to expressly provide for interest under the Judgements Act 1838

You are recommended to take note of the Judgement and seek legal advice as to its effects.

Yours faithfully

**MFB**

18/05/2009

IN THE HIGH COURT OF JUSTICE                         2009 Folio 222

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

THE HONOURABLE MR JUSTICE SMITH


B E T W E E N:


ARMADA (SINGAPORE) PTE LTD

Claimant

- and

NORTH CHINA SHIPPING CO. LTD., BVI

Defendant


JUDGEMENT IN DEFAULT OF

ACKNOWLEDGEMENT OF SERVICE


UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009,

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1.   The Defendant pay the Claimant US$764,422.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2.   The Defendant pay interest on the Judgement sum from the date of Judgement until payment in accordance with Section 17 of the Judgements Act 1838

3.   The Defendant pay the Claimant's costs, summarily assessed at £3,500


DATED this 20 April 2009

**M   F   B**

S O L I C I T O R S

North China Shipping Co. Ltd., BVI
Rm. 3503-3511, 35F
West Tower
Shun Tak Centre
168-200 Connaught Road Central
Sheung Wan
Hong Kong

4 5   M O O R F I E L D S
L O N D O N   E C 2 Y   9 A E

TELEPHONE:  020  7330  8000
FACSIMILE:   020  7256  6778
EMAIL:  mail@m-f-b.co.uk
WEBSITE: www.m-f-b.co.uk

OUR REF    SJ/ARM/0009/304987
YOUR REF   Li Zhen/Eric Chu

15 May 2009

Dear Sirs

## ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI; Claim No. 2009 Folio 222. English High Court

Further to our recent exchanges, please find attached an amended Judgement in Default of the English High Court.

The original Judgement in Default served upon you erroneously provided for interest to be paid under the Supreme Court Act. However, the Supreme Court Act deals with pre-judgement interest and the intended reference was to the Judgements Act 1838. The Court has therefore agreed that the Judgement should be amended to expressly provide for interest under the Judgements Act 1838.

You are recommended to take note of the Judgement and seek legal advice as to its effects.

Yours faithfully

MFB

**MFB**

**IN THE HIGH COURT OF JUSTICE**                    2009 Folio 222

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

**THE HONOURABLE MR JUSTICE SMITH**

B E T W E E N:

ARMADA (SINGAPORE) PTE LTD

Claimant

– and –



NORTH CHINA SHIPPING CO. LTD., BVI

Defendant

---

## JUDGEMENT IN DEFAULT OF

## ACKNOWLEDGEMENT OF SERVICE

---

UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009;

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1.    The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2.    The Defendant pay interest on the Judgement sum from the date of Judgement until payment in accordance with Section 17 of the Judgements Act 1838

3.    The Defendant pay the Claimant's costs, summarily assessed at £3,500

DATED this 20 April 2009

# FACSIMILE TRANSMISSION



S O L I C I T O R S

**Confidentiality Notice**
The information contained in this fax is confidential and may be privileged. It is only for the use of the intended recipient. If you are not the named or intended recipient, please notify us immediately. In such an event, you must not make any use of this fax or the information contained in it and you may not disclose the contents to any other person. Please contact us immediately if any part of this fax is inadequately received.

4 5    M O O R F I E L D S
L O N D O N    E C 2 Y    9 A E

TELEPHONE: 020 7330 8000
FACSIMILE:  020 7256 6778
EMAIL: mail@m-f-b.co.uk
WEBSITE: www.m-f-b.co.uk

TOTAL NUMBER OF PAGES                    2

| | |
|---|---|
| DATE: | 15 May 2009 |
| TO: | **North China Shipping Co. Ltd, BVI** |
| REF/ATT: | Li Zhen/Eric Chu |
| FAX NO: | +852 285 070 70 |
| OUR REF: | SJ/ARM/0009/306457 |
| MATTER: | **ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI ; Claim No. 2009 Folio 222; English High Court** |

**ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI; Claim No. 2009 Folio 222. English High Court**

Further to our recent exchanges, please find attached an amended Judgement in Default of the English High Court.

The original Judgement in Default served upon you erroneously provided for interest to be paid under the Supreme Court Act. However, the Supreme Court Act deals with pre-judgement interest and the intended reference was to the Judgements Act 1838. The Court has therefore agreed that the Judgement should be amended to expressly provide for interest under the Judgements Act 1838.

You are recommended to take note of the Judgement and seek legal advice as to its effects.

Yours faithfully

**MFB**

**IN THE HIGH COURT OF JUSTICE**                    **2009 Folio 222**

**QUEEN'S BENCH DIVISION**

**COMMERCIAL COURT**

**THE HONOURABLE MR JUSTICE SMITH**


**B E T W E E N:**



**ARMADA (SINGAPORE) PTE LTD**

Claimant

– and –

**NORTH CHINA SHIPPING CO. LTD., BVI**

Defendant


---

### JUDGEMENT IN DEFAULT OF
### ACKNOWLEDGEMENT OF SERVICE

---


UPON READING THE APPLICATION of the Claimant dated 9 April 2009 and the Second Witness Statement of Edward Gray dated 8 April 2009;

The Defendant having failed to acknowledge the Claim Form within the relevant time period

IT IS THIS DAY ADJUDGED THAT:

1.   The Defendant pay the Claimant US$764,472.49 and interest thereon to the date of Judgement calculated in the amount of US$4,281.17

2.   The Defendant pay interest on the Judgement sum from the date of Judgement until payment in accordance with Section 17 of the Judgements Act 1838

3.   The Defendant pay the Claimant's costs, summarily assessed at £3,500


DATED this 20 April 2009

```
********************
***  TX REPORT  ***
********************


TRANSMISSION OK

TX/RX NO                4309
DESTINATION TEL #       0085228507070
DESTINATION ID
ST. TIME                15/05 17 17
TIME USE                00'35
PAGES SENT              2
RESULT                  OK
```

# FACSIMILE TRANSMISSION

**Confidentiality Notice**
The information contained in this fax is confidential and
may be privileged. It is only for the use of the intended
recipient. If you are not the named or intended recipient,
please notify us immediately. In such an event, you must
not make any use of this fax or the information contained in
it and you may not disclose the contents to any other
person. Please contact us immediately if any part of this
fax is inadequately received.

## M  F  B

### S O L I C I T O R S

4 5    M O O R F I E L D S
L O N D O N    E C 2 Y    9 A E

**TELEPHONE:** 020 7330 8000
**FACSIMILE:** 020 7256 8778
**EMAIL:** mail@m-f-b.co.uk
**WEBSITE:** www.m-f-b.co.uk

TOTAL NUMBER OF PAGES                2

| | |
|---|---|
| DATE: | 15 May 2009 |
| TO: | **North China Shipping Co. Ltd, BVI** |
| REF/ATT: | Li Zhen/Eric Chu |
| FAX NO: | +852 285 070 70 |
| OUR REF: | SJ/ARM/0009/306457 |
| | **ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO.** |
| MATTER: | **LTD, BVI ; Claim No. 2009 Folio 222; English High Court** |

## ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI; Claim No. 2009 Folio 222. English High Court

Further to our recent exchanges, please find attached an amended Judgement in Default of the English High Court.

The original Judgement in Default served upon you erroneously provided for interest to be paid under the Supreme Court Act. However, the Supreme Court Act deals with pre-judgement interest and the intended reference was to the Judgements Act 1838. The Court has therefore agreed that the Judgement should be amended to expressly provide for interest under the Judgements Act 1838.

You are recommended to take note of the Judgement and seek legal advice as to its effects.

# EXHIBIT I

**Simon Johnson**

| | |
|---|---|
| **From:** | Yi Yue Feng [legal@northchina com hk] |
| **Sent:** | 16 May 2009 04:27 |
| **To:** | Simon Johnson; cui@northchina.com.hk |
| **Cc:** | Edward Gray; eric@northchina com.hk |
| **Subject:** | RE: Armada (Singapore) Pte Ltd v North China Shipping Co. Ltd , BVI |

Trust you have got notice of assignment of unpaid hire of USD800,000 served by your clients' creditor, Shagang Shipping  Now it is your clients owe money to NCS BVI. Please acknowledge this and give us  your calculation of the net debt owed by your lients.

Best regards

Andrew Yi
for and on behalf of
North China Shipping Holding Co , Ltd as agent only
Rm 3503-3510, 35/F , West Tower, Shun Tak Centre,
168-200 Connaught Road Central,
Sheung Wan, Hong Kong
Tel  852-3184 2020
Fax  852-3184 4403
Mobile  852-6478 6757

    -----Original Message-----
    **From:** Simon Johnson [mailto:SJohnson@m-f-b.co.uk]
    **Sent:** Saturday, May 16, 2009 12:00 AM
    **To:** cui@northchina.com.hk; Yi Yue Feng
    **Cc:** Edward Gray
    **Subject:** Armada (Singapore) Pte Ltd v North China Shipping Co. Ltd., BVI


**ARMADA (SINGAPORE) PTE LTD.V. NORTH CHINA SHIPPING CO. LTD, BVI; Claim No. 2009 Folio 222, English High Court**

**Attn: Eric Chu, Li Zhen & Yi Yue Feng**


Dear Sirs

Further to our recent exchanges, please find attached an amended Judgement in Default of the English High Court

The original Judgement in Default served upon you erroneously provided for interest to be paid under the Supreme Court Act. However, the Supreme Court Act deals with pre-judgement interest and the intended reference was to the Judgements Act 1838. The Court has agreed that the Judgement should be amended to expressly provide for interest under the Judgements Act 1838.

You are recommended to take note of the Judgement and seek legal advice as to its effects.

Yours faithfully


MFB

M   F   B   45 MOORFIELDS  •  LONDON  •  EC2Y 9AE

S O L I C I T O R S   Tel: +44/(0) 20 7330 8000  •  Fax: +44(0) 20 7256 6778  •  Web: www.m-f-b.co.uk

This message (and any associated files) is intended only for the
use of the individual or entity to which it is addressed and may
contain information that is confidential. If you are not the intended recipient
or if you have received this message in error, please notify us immediately at
postmaster@m-f-b.co.uk and delete it from your computer.

Internet communications cannot be guaranteed to be secure or error-free
as information could be intercepted, corrupted, lost, destroyed, arrive
late or incomplete, or contain viruses. Therefore, we do not accept
responsibility for any errors or omissions that are present in this
message, or any attachment, that have arisen as a result of e-mail
transmission.

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

This email has been scanned by the MessageLabs Email Security System.
For more information please visit http://www.messagelabs.com/email

18/05/2009

# EXHIBIT J



(2) Where application is made to the court under this Rule, the court shall fix a venue for the application to be heard, notice of which shall be sent by the applicant —

    (a)  in the case of an application by the liquidator, to the creditor who made the proof, and

    (b)  in the case of an application by a creditor, to the liquidator and to the creditor who made the proof (if not himself).

### SECTION B: QUANTIFICATION OF CLAIM

#### 4.86.— Estimate of quantum

(1) The liquidator shall estimate the value of any debt which, by reason of its being subject to any contingency or for any other reason, does not bear a certain value; and he may revise any estimate previously made, if he thinks fit by reference to any change of circumstances or to information becoming available to him.

He shall inform the creditor as to his estimate and any revision of it.

(2) Where the value of a debt is estimated under this Rule, or by the court under section 168(3) or (5), the amount provable in the winding up in the case of that debt is that of the estimate for the time being.

#### 4.87. Negotiable instruments, etc.

Unless the liquidator allows, a proof in respect of money owed on a bill of exchange, promissory note, cheque or other negotiable instrument or security cannot be admitted unless there is produced the instrument or security itself or a copy of it, certified by the creditor or his authorised representative to be a true copy.

#### 4.88.— Secured creditors

(1) If a secured creditor realises his security, he may prove for the balance of his debt, after deducting the amount realised.

(2) If a secured creditor voluntarily surrenders his security for the general benefit of creditors, he may prove for his whole debt, as if it were unsecured.

#### 4.89. Discounts

There shall in every case be deducted from the claim all trade and other discounts which would have been available to the company but for its liquidation, except any discount for immediate, early or cash settlement.

#### |4.90.— Mutual credits and set-off

(1) This Rule applies where, before the company goes into liquidation there have been mutual credits, mutual debts or other mutual dealings between the company and any creditor of the company proving or claiming to prove for a debt in the liquidation.

(2) The reference in paragraph (1) to mutual credits, mutual debts or other mutual dealings does not include—

(a)   any debt arising out of an obligation incurred at a time when the creditor had notice that--

      (i)   a meeting of creditors had been summoned under section 98; or

      (ii)  a petition for the winding up of the company was pending;

(b)   any debt arising out of an obligation where--

      (i)   the liquidation was immediately preceded by an administration; and

      (ii)  at the time the obligation was incurred the creditor had notice that an application for an administration order was pending or a person had given notice of intention to appoint an administrator;

(c)   any debt arising out of an obligation incurred during an administration which immediately preceded the liquidation; or

(d)   any debt which has been acquired by a creditor by assignment or otherwise, pursuant to an agreement between the creditor and any other party where that agreement was entered into--

      (i)   after the company went into liquidation;

      (ii)  at a time when the creditor had notice that a meeting of creditors had been summoned under section 98;

      (iii) at a time when the creditor had notice that a winding up petition was pending;

      (iv)  where the liquidation was immediately preceded by an administration, at a time when the creditor had notice that an application for an administration order was pending or a person had given notice of intention to appoint an administrator; or

      (v)   during an administration which immediately preceded the liquidation.

(3) An account shall be taken of what is due from each party to the other in respect of the mutual dealings, and the sums due from one party shall be set off against the sums due from the other.

(4) A sum shall be regarded as being due to or from the company for the purposes of paragraph (3) whether--

    (a)  it is payable at present or in the future;

    (b)  the obligation by virtue of which it is payable is certain or contingent; or

    (c)  its amount is fixed or liquidated, or is capable of being ascertained by fixed rules or as a matter of opinion.

(5) Rule 4.86 shall also apply for the purposes of this Rule to any obligation to or from the company which, by reason of its being subject to any contingency or for any other reason, does not bear a certain value.

(6) Rules 4.91 to 4.93 shall apply for the purposes of this Rule in relation to any sums due to the company which--

    (a)  are payable in a currency other than sterling;

    (b)  are of a periodical nature; or

    (c)  bear interest.

(7) Rule 11.13 shall apply for the purposes of this Rule to any sum due to or from the company which is payable in the future.

(8) Only the balance (if any) of the account owed to the creditor is provable in the liquidation. Alternatively the balance (if any) owed to the company shall be paid to the liquidator as part of the assets except where all or part of the balance results from a contingent or prospective debt owed

by the creditor and in such a case the balance (or that part of it which results from the contingent or prospective debt) shall be paid if and when that debt becomes due and payable.

(9) In this Rule "obligation" means an obligation however arising, whether by virtue of an agreement, rule of law or otherwise.
]³⁰⁹

### 4.91.— Debt in foreign currency

(1) For the purpose of proving a debt incurred or payable in a currency other than sterling, the amount of the debt shall be converted into sterling at the official exchange rate prevailing on the date when the company went into liquidation [ or, if the liquidation was immediately preceded by an administration, on the date that the company entered administration ]³¹⁰ .

(2) "The official exchange rate" is the middle exchange rate on the London Foreign Exchange Market at the close of business, as published for the date in question. In the absence of any such published rate, it is such rate as the court determines.

### 4.92.— Payments of a periodical nature

(1) In the case of rent and other payments of a periodical nature, the creditor may prove for any amounts due and unpaid up to the date when the company went into liquidation [ or, if the liquidation was immediately preceded by an administration, up to the date that the company entered administration ]³¹¹ .

(2) Where at that date any payment was accruing due, the creditor may prove for so much as would have fallen due at that date, if accruing from day to day.

### 4.93.— Interest

(1) Where a debt proved in the liquidation bears interest, that interest is provable as part of the debt except in so far as it is payable in respect of any period after the company went into liquidation [ or, if the liquidation was immediately preceded by an administration, any period after the date that the company entered administration ]³¹² .

(2) In the following circumstances the creditor's claim may include interest on the debt for periods before the company went into liquidation, although not previously reserved or agreed.

(3) If the debt is due by virtue of a written instrument, and payable at a certain time, interest may be claimed for the period from that time to the date when the company went into liquidation.

---

³⁰⁹  subject to transitional provisions specified in SI 2005/527 rule 3(1) by Insolvency (Amendment) Rules 2005/527 r. 23

³¹⁰  words inserted subject to transitional provisions specified in SI 2005/527 rule 3(1) by Insolvency (Amendment) Rules 2005/527 r. 24

³¹¹  words inserted subject to transitional provisions specified in SI 2005/527 rule 3(1) by Insolvency (Amendment) Rules 2005/527 r. 25

³¹²  subject to transitional provisions specified in SI 2005/527 rule 3(1) by Insolvency (Amendment) Rules 2005/527 r. 26

# EXHIBIT 2

James H. Hohenstein
Christopher R. Nolan
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
E-mail: jim.hohenstein@hklaw.com
       chris.nolan@hklaw.com
       lissa.schaupp@hklaw.com

Attorneys for Plaintiff,
*Armada (Singapore) Pte Ltd*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMADA (SINGAPORE) PTE LTD, | |
| Plaintiff, | 09 Civ. _____ |
| -against- | **DECLARATION OF** |
| | **PETER J. PECRY** |
| NORTH CHINA SHIPPING CO. LTD., BVI, | **IN ACCORDANCE** |
| | **WITH 28 U.S.C. § 1746** |
| Defendant. | |

I, PETER J. PECRY, declare as follows:

1.    I am manager of Insurance & Claims at Armada (Switzerland) SA, the department that handles all insurance matters and claims for the Armada Group, including Armada (Singapore) Pte Ltd. ("Armada"), plaintiff in the captioned matter.

2.    Based on my work in Armada's Insurance & Claims department, I am fully familiar with the matters set forth herein.

3.     This Declaration is submitted in support of Armada's application for an order of attachment against the property of North China Shipping within this District and the recognition of Armada's judgment against North China Shipping as the judgment of this Honorable Court.

4.     I am advised by Holland & Knight LLP, Armada's New York attorneys, that one of the grounds for an order of attachment is that Armada must state in its submissions that Armada is entitled to recover a sum of money over and above all counterclaims known to it.  I am further advised that for the purposes of determining a plaintiff's entitlement to an order of attachment, the Court is required to consider only those counterclaims which the plaintiff is willing to concede as just.

5.     Because in recent days an alleged counterclaim of the defendant North China Shipping Co. Ltd., BVI ("NCS") in the form of an alleged assignment of debt has come to my attention, I submit this declaration to briefly explain to the Court why Armada does not concede the justness of any counterclaim based on the purported assignment.   Furthermore, there is no counterclaim known to Armada which it concedes as just.

6.     The issue of a potential assignment of debt which could possibly be off-set against the money NCS owes to Armada first arose in an e-mail dated April 15, 2009 in which NCS suggested it could get (or had gotten) an assignment of debt related to a forward freight agreement ("FFA") to which Armada was a party.  A true and correct copy of NCS's April 15, 2009 e-mail is attached hereto as Exhibit A.  In the April 15, 2009 e-mail, NCS requested that Armada consent to an assignment pertaining to a specific FFA with contract number 054849.  I replied in a fax dated April 16, 2009 that Armada could not consent to an assignment without receiving important details concerning the alleged assignment, in particular the identity of the assignor and assignee, and the full details of the claim.  A true and correct copy of my April 16,

2009 fax in reply is attached hereto as Exhibit B. NCS's April 15, 2009 e-mail also stated that if Armada consented to the proposed assignment "the accounts between North China Shipping and Armada may be set off and Armada's London proceeding may be saved." *See* Exhibit A. Evidently, even though it refused to appear in England, NCS was attempting to find a claim to offset against Armada's imminent judgment in England even before that judgment had been issued.

7.      As is discussed in the Verified Complaint and in the Declaration of Edward Gray, Armada's English solicitor, dated May 28, 2009 on April 20, 2009, England's High Court of Justice, Queen's Bench Division, Commercial Court issued a default judgment against NCS in the amount of US$764,472.49 plus interest and costs ("Default Judgment"). The Default Judgment was issued on April 20, 2009.

8.      On May 6, 2009 Armada received a notice of assignment from Shagang Shipping Co., Ltd. ("Shagang"), which stated that Shagang assigned to NCS all rights to US$800,000.00 of unpaid hire owed under a charter party for the M/V RUBIN GRACE dated August 12, 2008. A true and correct copy of the Shagang notice of assignment is attached hereto as Exhibit C. The notice did not include the assignment document itself. I found the notice from Shagang somewhat perplexing because, as discussed above, previously NCS had indicated that it had an assignment of debt under an FFA, not a charter party.

9.      On May 7, 2009 Armada received a letter from NCS enclosing the Shagang notice of assignment. A true and correct copy of the NCS cover letter and Shagang notice of assignment are attached hereto as Exhibit D. The cover letter from NCS enclosing the Shagang notice of assignment, concedes the existence of the English Judgment and that NCS "owes" the

3

Judgment sum, interest, and fees, in the amount of US$776,893.27. [1] NCS concluded that after set-off, "you still owe us USD23,106.73." In a subsequent e-mail exchange culminating with a May 13, 2009 e-mail, NCS's accounting then recognized Armada is entitled to a net credit of $5,751.30.

10.      In order to place the alleged Shagang assignment in context, a short background is in order. As explained in Armada's Verified Complaint, Armada obtained an order from the High Court of the Republic of Singapore on January 6, 2009, permitting it to convene a meeting of its creditors for the purposes of considering and approving a scheme of arrangement ("Singapore Proceeding"). On January 7, 2009, Armada then sought relief under Chapter 15 of the U.S. Bankruptcy Code (*In re Armada (Singapore) Pte. Ltd.*, 09-10105 (JMP)).

11.      Shagang is a creditor in the Singapore Proceeding and Armada's debt to Shagang under the Rubin Grace Charter Party has been acknowledged in the amount of approximately US$20,000,000.00.

12.      I requested in writing from NCS numerous times that it provide a copy of the assignment with Shagang so that Armada could determine the validity and justness of the alleged assignment. NCS refused every request, claiming that NCS was under no obligation to provide a copy of the document to Armada.

13.      Eventually I received a copy of Shagang's purported assignment from Shagang, a true and correct copy of which is attached hereto as Exhibit E. For reasons unknown, NCS still has refused to provide Armada with a copy of the purported assignment. The purported assignment is dated May 5, 2009, long after Armada initiated the Singapore Proceeding and filed its Chapter 15 proceeding in the United States. I have thus called it "purported" because it runs

---

[1] For the purposes of this Declaration, Armada does not concede or dispute the correctness of NCS calculation.

afoul of English law.  I am informed that because it was executed after the Singapore proceeding commenced, it is not valid for reasons set forth in Mr. Gray's declaration.

14.     For the foregoing reasons, Armada does not does not concede the justness of any counterclaim based on the Shagang assignment, which is clearly intended by NCS as a means to circumvent the money it owes Armada based on the Default Judgment.   Finally, there is no counterclaim known to Armada which it concedes as just.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of May in 2009, in Villars-sur-Glâne, Switzerland.


Peter J. Peery

# 6332972_v1

5

# EXHIBIT A

**From:** Yi Yue Feng
**To:** Tommy J. Rathleff
**Sent:** Wed Apr 15 14:31:13 2009
**Subject:** FFA Assignment

Dear Mr Rathleff,

We refer to your recent circular, in which you confirm that you accept assignments of FFA debts between your FFA debtors and your FFA creditors. NCS is an FFA debtor of Armada and we are currently negotiating the assignment of a debt from one of Armada's FFA creditors to us. Our lawyers advised us that, as the debt under the FFA between Armada and Transfield dated 16 September 2008 with contract number 054849 was given rise to under cl.6, (e), Transfield is entitled to assign it or part of it to a third party. However, for sake of good order, would you please confirm your consent to such assignment. If so, the accounts between North China Shipping and Armada may be set off and Armada's London proceeding may be saved.

Looking forward to hearing from you as soon as possible.

Best regards

Andrew Yi
for and on behalf of
North China Shipping Holding Co., Ltd as agent only
Rm.3503-3510, 35/F., West Tower, Shun Tak Centre,
168-200 Connaught Road Central,
Sheung Wan, Hong Kong
Tel: 852-3184 2020
Fax: 852-3184 4403
Mobile: 852-6478 6757

5/18/2009

# EXHIBIT B

16/04 2009 THU 14:20    FAX                                                                          001

```
                    ********************
                    *** FAX TX REPORT ***
                    ********************

                         TRANSMISSION OK

            JOB NO.                    4366
            DESTINATION ADDRESS        0085231844403
            PSWD/SUBADDRESS
            DESTINATION ID
            ST. TIME                   16/04 14:19
            USAGE T                    00'44
            PGS.                       1
            RESULT                     OK
```

Dear Andrew Yi

Thank you for your message dated 15 April 2008 addressed to Mr. Rathleff on whose behalf this fax is sent.

Whilst it is indeed the case that Armada (Singapore) Pte Ltd ("ASPL") have no objection as a matter of principle to the assignment of claims against ASPL under FFAs, ASPL cannot consent to the assignment of the claim to which you refer without knowing more about it. In particular, ASPL will need to know precisely which entity it is who will be assignor, and which entity it is who will be the assignee. Both the proposed assignor and the proposed assignee should therefore ask ASPL directly to consent to the assignment, giving full details of the claim (or alternatively the proportion of the claim) which is to be assigned, so that the matter can be progressed.

In the meantime, however, ASPL are not in a position to commit themselves or to make any admissions or concessions, and trust that this is well understood.

Kind regards

For and on behalf of Armada (Singapore) Pte Ltd

**Peter J. Pecry**
Insurance & Claims
Armada (Switzerland) SA
Rte du Petit-Moncor 1
1752 Villars-sur-Glâne
Switzerland

Direct line:  +41 26 4088232
Mobile:       +41 79 2760208
Skype:        peter.pecry
E-mail:       pp@aiaship.com
Website:      www.aiaship.com

# EXHIBIT C

# 沙 钢 船 务 有 限 公 司

## Shagang Shipping Co., Ltd.

Unit 2902, 29/F, Far East Finance Center, 16 Harcourt Road, Hong Kong
Tel: (852) 2907 7898    Fax: (852) 2866 8077

To : Armada (Singapore) Pte Ltd.

Date: 6 May 2009

Fax: 0065 6511 2999

To : Nominated Scheme Manager for and on behalf of Armada (Shipping) Pte. Ltd.

Attn :   Ms Tan Puay Cheng

Fax: +65 6225 0984

By Fax and Mail

Re : MV Rubin Grace – Charterparty dated 12th August 2008

Dear sirs,

We, SHAGANG SHIPPING CO., LTD of Unit 2902, 29/F Far East Finance Center, 16 Harcourt Road, Hongkong., hereby give notice that, by an Assignment made by us, we have absolutely irrevocably assigned to North China Shipping Co., Ltd. of British Virgin Islands ("North China") all our rights, title, interest, benefit in and/or in respect of USD800,000 (Say United States Dollars Eight Hundred Thousand only) of the total unpaid hire owed by you to us under the captioned Charterparty. For avoidance of doubt, North China may, for realizing of the assignment, sue you in our name or in its and our joint names or in other manner as the proper law permits.

Please be guided accordingly.

Your faithfully

*For and on behalf of*
SHAGANG SHIPPING COMPANY LIMITED

沙 钢 船 务 有 限 公 司

Shen Wen Fu

Director
.......................................................
*Authorized Signature(s)*

For and on behalf of
SHAGANG SHIPPING CO., LTD

香港夏愨道 16 號遠東金融中心 2902 室　電話: (852) 2907 7898　傳真: (852) 2866 8077

# EXHIBIT D



# North China Shipping Co., Ltd.

P.O.Box 957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands

| | | |
|---|---|---|
| To | : | Armada (Singapore) Pte Ltd |
| Fax | : | 65 6511 2999 |
| | | |
| To | : | Nominated Scheme Manager for and on behalf of |
| | | Armada (Singapore) Pte Ltd |
| C/o | : | KPMG Advisory Services Pte Ltd |
| Fax | : | 65 6225 0984 |
| Attn | : | Ms Tan Puay Cheng |
| | | |
| Date | : | 7 May 2009 |
| Page | : | 3 (including this page) |

Dear Sirs,

Re: <u>MV Rubin Grace – Charterparty dated 12 August 2008</u>

Enclosed please find the Notice of Assignment dated 6 May 2009, which has been sent to you by fax and email by the Assignor, Messrs Shagang Shipping Co., Ltd. For sake of good order, we attach hereto again.

Pursuant to London High Court Judgement dated 20 April 2009, we owe you the following sum:-

1. Judgement sum USD764,472.49 and interest USD4,281.17 thereon.

2. Simple interest on the judgement sum USD2,848.52 (from judgement date to assignment date at USD167.56 per day).

3. Cost £3,500, equivalent to USD5,291.09.

Total: <u>USD776,893.27</u>

By way of the aforesaid Assignment, now you owe us USD800,000. After setoff, you still owe us USD23,106.73. We shall register our creditor's rights in due course.

We are grateful that you could acknowledge safe receipt of the attached Notice of

1

05/07/09  17:46 FAX 852 3184 2080     NORTH CHINA SHIPPING     Case 1:09-cv-05068-WHP   Document 4   Filed 06/02/09   Page 66 of 78   @002/003

852 3184 2080

Assignment and confirm the above setoff by return. Please send your acknowledgement and confirmation by fax to 00852 3184 4419 for the attention of Mr. Eric Chu.

We look forward to hearing from you.

Best regards,

Eric Chu
For and on behalf of
North China Shipping Co., Ltd.

852 3184 2080



# 沙钢船务有限公司
## Shagang Shipping Co., Ltd.

Unit 2902, 29/F, Far East Finance Center, 16 Harcourt Road, Hong Kong
Tel: (852) 2907 7898      Fax: (852) 2866 8077

To : Armada (Singapore) Pte Ltd.

Date: 6 May 2009

Fax: 0065 6511 2999

To : Nominated Scheme Manager for and on behalf of Armada (Shipping) Pte. Ltd.

Attn :  Ms Tan Puay Cheng

Fax: +65 6225 0984

By Fax and Mail

Re : MV Rubin Grace – Charterparty dated 12ᵗʰ August 2008

Dear sirs,

We, SHAGANG SHIPPING CO., LTD of Unit 2902, 29/F Far East Finance Center, 16
Harcourt Road, Hongkong., hereby give notice that, by an Assignment made by us, we have
absolutely irrevocably assigned to North China Shipping Co., Ltd. of British Virgin Islands
("North China") all our rights, title, interest, benefit in and/or in respect of USD800,000 (Say
United States Dollars Eight Hundred Thousand only) of the total unpaid hire owed by you to
us under the captioned Charterparty. For avoidance of doubt, North China may, for realizing
of the assignment, sue you in our name or in its and our joint names or in other manner as the
proper law permits.

Please be guided accordingly.

Your faithfully
*For and on behalf of*
SHAGANG SHIPPING COMPANY LIMITED
沙 钢 船 务 有 限 公 司
Shen Wen Fu
Director
*Authorized Signature(s)*
For and on behalf of
SHAGANG SHIPPING CO., LTD

香港夏慤道 16 號遠東金融中心 2902 室   電話: (852) 2907 7898   傳真: (852) 2866 8077



# EXHIBIT E

07/05 2009 10:32 FAX 63353846                                    ☒002
   05/06/09  11:27 FAX 852 3184 2080        NORTH CHINA SHIPPING        ☒001/004

63353846

## CONTRACT OF ASSIGNMENT

THIS CONTRACT is made on the day of 5th May 2009

BETWEEN

(1) SHAGANG SHIPPING CO., LTD of Unit 2902, 29/F Far East Finance Center, 16 Harcourt Road, Hongkong. ("Assignor")

(2) NORTH CHINA SHIPPING CO LTD of P.O.Box957, Offshore Incorporations Centre, Road Town, Tortola, British Virgin Islands ("Assignee")

WHEREAS

(A) By a charterparty dated 12th August 2008 ("Charterparty"), the Assignor as disponent owners chartered MV Rubin Grace (the "Vessel") to Armada (Singapore) Pte Ltd. of Singapore ("Armada") at a hire rate of USD135,000 for a period of minimum 11 months and maximum 13 months.

(B) The Vessel was delivered to Armada pursuant to the Charterparty at 17:18GMT on 2008-9-7 .

(C) In breach of the Charterparty, Armada redelivered the Vessel to the Assignor at 21:36GMT on 2009-1-26.

(D) At the time of premature redelivery as mentioned in paragraph (C) above, Armada defaulted in payment of accrued hire of USD 4,234,930.89    ("Unpaid Hire"). Furthermore, the Assignor is claiming substantial damage for Armada's earlier redelivery of the Vessel.

(E) Singapore High Court issued court order granting its application for rearrangement pending creditors' approval and staying all legal proceedings against Amarda.

(F) The Assignor has properly and duly registered the debt owed by Armada and its claim against Armada.

NOW IT IS AGREED AS FOLLOWS:



07/05 2009 10:33 FAX 63353846                        ☒003
05/06/09  11:27 FAX 852 3184 2080      NORTH CHINA SHIPPING   ☒002/004

63353846

1.  The Assignor hereby absolutely irrevocably assigns and agrees to assign, to the Assignee, all Assingor's rights, title, interest and benefit in and/or in respect of the hire of USD800,000 (United States Dollars Eight Hundred Thousand only) (the "Assignee Interest") of the Unpaid Hire (the "Assignment").

2.  In consideration of the Assignment, the Assignee agrees to pay USD240,000 (United States Dollars Two Hundred and Forty Thousand only) to the Assignor as purchase price for the Assignee Interest thereof within 5 banking days after the Assignor notifies Armada of the Assignment by sending the Notice of Assignment as attached hereto as Annex A pursuant to paragraph 3 below.

3.  Within one working day after execution of this CONTRACT, the Assignor shall notify the Armada, through Armada's Scheme Manager under Originating Summons No. 1 of 2009/K commenced in the High Court of the Republic Of Singapore ("Scheme Manager"), of this Assignment, by sending the Notice of Assignment as attached hereto as Annex A by fax and by DHL. The Assignor shall provide the Assignee with the copy of the sent Notice of Assignment and evidence showing that the Notice of Assignment has been sent pursuant to this paragraph.

The particulars of the Scheme Manager are:

Ms Tan Puay Cheng

Nominated Scheme Manager for and on behalf of

Armada (Shipping) Pte. Ltd.

(Singapore Company Registration No. 200514251D)

c/o KPMG Advisory Services pte. ltd.

16 Raffles Quay #22-00

Hong Leong Building

Singapore 048581

Fax: +65 6225 0984



4. The Assignor shall (so far as it lawfully may) give all such reasonable assistance as the Assignee may reasonably require to enable Assignee to recover Assign Interest, including having legal proceedings against Armada conducted in the Assignor's name. The Assignee shall indemnify and hold the Assignor harmlesss from all costs, expenses and liabilities of its providing assistance or conducting litigation as required by the Assignee under this clause."

5. The Assignee may take necessary step to register the Assignee Interest in its own name in Armada's arrangement in Singapore and is entitled to payment by Armada in respect of the Assignee Interest pursuant to the Scheme of Arrangement if approved by creditors.

6. The Assignor owes all right, title, interest and benefit in and/or in respect of the remaining Unpaid Hire and its other claim against Armada.

7. The Assignor warrant

7.1 that it owes all rights interest and benefit in under and in respect of the Unpaid Hire; and

7.2 that all documents it provided to the Assignee are true and genuine.

8. This CONTRACT should be governed by and construed in accordance with English law. Any dispute arising out of and/or in connection with this CONTRACT should be referred to London arbitration in accordance with latest terms of LMAA at the time of arbitration.

IN WITNESS whereof this CONTRACT has been duly executed the day and year first above written.

For and on behalf of
SHAGANG SHIPPING COMPANY LIMITED
沙 鋼 船 務 有 限 公 司

...............................................
*Authorized Signature(s)*
Name: Shen Wen Fu

Title:   Director

for and on behalf of
SHAGANG SHIPPING CO., LTD

For and on behalf of
North China Shipping Company Limited

...............................................
*Authorised Signature(s)*
Name:   Wang Cheng Yu

Title:    Director

for and on behalf of
NORTH CHINA SHIPPING CO LTD

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ARMADA (SINAPORE) PTE LTD.,                    :

                               :    09 Civ. 4415 (LAP)

             Plaintiff,                  :    **ORDER**

      -against-                              :

GLORY WEALTH SHIPPING SERVICE LTD.,   :

             Defendant.               :

------------------------------------------------------------X

LORETTA A. PRESKA, United States District Judge:

      Plaintiff has moved ex parte for an order of attachment pursuant to NY CPLR

§ 6201(5).  As the Court of Appeals held in <u>Capital Ventures International v. Republic of</u>

<u>Argentina</u>, 443 F.3d 214, 221 (2d Cir. 2006), New York courts have reviewed the grant

or denial of an attachment on whether a plaintiff both satisfies the statutory requirements

and establishes the need for an attachment.  <u>See</u> <u>Maitrejean v. Levon Props. Corp.</u>, 45

A.D.2d 1020, 1020-21, 358 N.Y.S.2d 203, 205 (2d Dep't 1974); <u>Dean v. James McHugh</u>

<u>Contr. Co.</u>, 43 A.D.2d 1009, 1009-10, 352 N.Y.S.2d 310, 311-12.  <u>See also</u>, <u>David D.</u>

<u>Siegel, New York Practice</u> § 317 (4th ed. 2005) ("Even if the plaintiff makes out a case

for attachment under CPLR 6201, its granting is still discretionary with the court . . . and

if the judge should perceive from the papers that the plaintiff does not need an attachment

either for jurisdiction or security, discretion is appropriately exercised against it even

though a CPLR 6201 showing has been made.")

      Here, plaintiff has not demonstrated a need for the attachment remedy, for

example, to secure payment or to obtain jurisdiction over defendant.  As plaintiff notes in

its papers, defendant is registered as a foreign corporation with the New York

Department of State.  Plaintiff has proffered no reason why it cannot register the

judgment obtained in the British courts and proceed in the ordinary fashion to enforce it

in New York.  Accordingly, the Court exercises its discretion to deny plaintiff's

application for an attachment.

SO ORDERED:

Dated: May 12, 2009

LORETTA A. PRESKA, U.S.D.J.

Maritimeformnew409aORDER

# EXHIBIT 4

LYONS, SKOUFALOS, PROIOS & FLOOD, LLP
Herald Square Building
1350 Broadway, Suite 1507
New York, New York  10018-7702
(212) 279-8880

Attorneys for Plaintiff
V. CORP LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

V. CORP LTD.,

                                    Plaintiff,

                - against -

REDI CORPORATION (USA)
a/k/a REDI CORPORATION of White Plains,
New York, USA; a/k/a REDI CORP.

                                    Defendant.

------------------------------------------------------------X

**JUDGE MUKASEY**

**04 CV 01683**

**EX PARTE ORDER OF
ATTACHMENT**

        An application having been made by the plaintiff V. CORP LTD. ("V. CORP.") for an

Order of Attachment against the property of defendant REDI CORPORATION (USA), a/k/a

REDI CORPORATION of White Plains, New York, USA; a/k/a REDI CORP. ("REDI CORP."),

pursuant to Article 62 of the New York Civil Practice Law and Procedure ("NY CPLR"), as

made applicable by NY CPLR Article 53 and Rule 64 of the Federal Rules of Civil Procedure.

        Now, upon the Verified Complaint herein, the affidavit of Kirk M. Lyons, dated March

1, 2004, and the affirmation of Peter Mavroghenis, dated February 25, 2004, wherein it appears

that a cause of action for a money judgment exists in favor of the plaintiff and against the

defendant REDI CORP., for the sum stated, namely $78,577.31, including interest thereon from

the date alleged in the Verified Complaint, costs, and Marshall's fees and expenses, and that

plaintiff is entitled to recover said sum over and against all counterclaims known to it.

And it being further shown by said Affirmation that plaintiff is entitled to an Order of

Attachment against the property and debts of defendant REDI CORP., on the ground that plaintiff

V. CORP. has a valid and enforceable judgment entitled to recognition under Article 53 of the NY

CPLR.

NOW, on application of Lyons, Skoufalos, Proios & Flood, LLP, attorneys for plaintiff, it is

ORDERED, that plaintiff's undertaking be and the same is hereby fixed in the sum of

$ 7,500.⁰⁰ of which amount the sum of $ 5,000.00 thereof is conditioned that the plaintiff

will pay to defendant REDI CORP. all legal costs and damages which may be sustained by reason

of the attachment if said defendant recovers judgment or it is finally decided that the plaintiff was

not entitled to an attachment of the said defendant's property and debts, and the balance thereof

conditioned that the plaintiff will pay to the United States Marshal all of his allowable fees, and it

is further,

*Such bond to be posted by 5:00 p.m. March 11, 2004*

ORDERED, that the Marshal of this District (or other process server specially appointed as

below) levy within his jurisdiction at any time, before final judgment, upon such property in which

defendant REDI CORP. has an interest and upon such debts owing to the defendant as will satisfy

the plaintiff's demand of $78,577.31, including probable interest, costs, and the Marshal's fees and

expenses, and that (s)he proceed hereon in the same manner required by law; and it is further,

ORDERED, that an employee or agent of the firm Lyons, Skoufalos, Proios & Flood, LLP

over the age of eighteen, who is not a party to this action, is specially appointed to serve the Writ,

Summons and Direction for Attachment and Ex Parte Order of Attachment at any time before final

judgment, and it is further,

2

ORDERED, that within a period not exceeding five days after levy the plaintiff shall move, on five days' notice to the garnishee(s), the defendant and the Marshal, for an order confirming this Order of Attachment.

Dated: New York, New York
March 1, 2004

U.S.D.J.

U:\kmh\docs\2602001\Order of Attachment.wpd

3