UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
ARMADA (SINGAPORE) PTE LTD.,  :
                              :
            Plaintiff,        :   09 Civ. 5069 (WHP)
                              :
    -against-                 :   MEMORANDUM & ORDER
                              :
NORTH CHINA SHIPPING CO. LTD.,:
(BVI),                        :
                              :
            Defendant.        :
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Unable to obtain a Rule B maritime attachment, Plaintiff Armada (Singapore) Pte Ltd. ("Armada") seeks an <u>ex parte</u> writ of attachment under New York state law. For the following reasons, Armada's request is granted in part and denied in part.

## BACKGROUND

        On March 22, 2007, Armada and North China Shipping Co. Ltd. (BVI) ("North China") entered into a forward freight swap agreement (the "Agreement"), which is a maritime contract. (Verified Complaint dated May 29, 2009 ("Compl.") ¶ 3.) Forward freight agreements are commitments to perform shipping services in the future. The contractors agree to pay the difference between the price of moving freight or hiring a ship today and the price of those same services at some future time. See <u>Brave Bulk Transport Ltd. v. Spot On Shipping Ltd.</u>, No. 07 Civ. 4546 (CM), 2007 WL 3255823, at *2 (S.D.N.Y. Oct. 30, 2007). North China breached the Agreement. (Compl. ¶ 10.)

On February 20, 2009, Armada filed a proceeding in the High Court of Justice, Queen's Bench Division, Commercial Division, in London, England. On April 24, 2009, the High Court issued a default judgment against North China in the amount of $764,472.49 plus interest of $4,281.17 (the "Judgment"). (Compl. ¶ 19.) The High Court also awarded costs, attorney's fees, and post-judgment interest. (Compl. ¶¶ 20-24.) The total amount currently owed to Armada under the Judgment is $824,317.26.

Armada seeks recognition of the Judgment under Fed. R. Civ. P. 69(a)(1), N.Y.C.P.L.R. §§ 5301 et seq., and principles of comity. Armada also seeks an ex parte order under Fed. R. Civ. P. 64(a) and N.Y.C.P.L.R. §§ 6201, 6202, and 6211 to attach North China's assets, including electronic fund transfers ("EFTs"), held for North China or transferred for North China's benefit.

North China is registered with the New York Secretary of State as a foreign corporation authorized to do business in New York and has appointed an agent for the service of process in this jurisdiction. (Compl. ¶ 4.) Thus, a Rule B attachment is unavailable. See Crystal Waters Shipping Ltd. v. Sinotrans Ltd. Project Transp. Branch, No. 08 Civ. 10591 (WHP), 2009 WL 1390881, at *3 (S.D.N.Y. May 5, 2009) (citing STX Panocean (UK) Co. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127 (2d Cir. 2009)).

## DISCUSSION

Under Rule 64, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64; see also Capital Ventures Int'l v. Republic of Argentina,

443 F.3d 214, 221 (2d Cir. 2006). "Rule 64 . . . authorizes a federal court to borrow relevant state law on provisional remedies. And although the federal civil rules govern the conduct of the action in federal court, state law determines when and how a provisional remedy is obtained. . . . Limitations and other state law provisions about the circumstances and manner in which provisional remedies can be used, must be honored by the federal court." Bahrain Telecommc'ns Co. v. Discoverytel, Inc., 476 F. Supp. 2d 176, 183 (D. Conn. 2007) (internal citations and quotation marks omitted). New York law allows an order of attachment when "the cause of action is based on a . . . judgment which qualifies for recognition under the provisions of [N.Y.C.P.L.R. §§ 5301 et. seq.]." N.Y.C.P.L.R. § 6201(5). "Any debt or property against which a money judgment may be enforced as provided in [N.Y.C.P.L.R. § 5201] is subject to attachment." N.Y.C.P.L.R. § 6202.

"Property rights in [EFTs] . . . are governed by the [Uniform Commercial Code]." Bank of N.Y. v. Norilsk Nickel, 789 N.Y.S.2d 95, 99 (N.Y. App. Div. 1st Dep't 2004) (citations and internal quotation marks omitted). Article 4-A of the New York Uniform Commercial Code "put into place specific rules for the regulation of funds transfers." Mfrs. Int'l Ltda v. Mfrs. Hanover Trust Co., 792 F. Supp. 180, 194 (E.D.N.Y. 1992). Under Article 4-A, "an order of attachment is entirely appropriate . . . where a bank is acting as the receiving bank [of an EFT], and no further transfer is contemplated." Weston Compagnie de Finance et D'Investissement, S.A. v. La Republica Del Ecuador, No. 93 Civ. 2698 (LMM), 1993 WL 267282, at *3 (S.D.N.Y. July 14, 1993) (citing N.Y.U.C.C. Law § 4-A-503). However, "[f]unds that are in motion are not attachable at the intermediary bank stage. . . ." Weston Compagnie,

1993 WL 267282, at *3; see also European Am. Bank v. Bank of Nova Scotia, 784 N.Y.S.2d 99, 101 (N.Y. App. Div. 1st Dep't 2004).

Armada is entitled to a writ of attachment under Rule 64 and N.Y.C.P.L.R. § 6201(5). However, Armada seeks a writ to attach EFTs regardless of whether the bank is the originating bank, the beneficiary bank, or the intermediary bank. But New York law is clear that an attachment order may not intercept EFTs at intermediary banks.

Sensing this hurdle, Armada asks this Court to apply federal maritime law, which allows even transitory EFTs to be attached. See Consub Del. LLC v. Schahin Engenharia Limitada, 543 F.3d 104 (2d Cir. 2008); see also Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002). However, the plain language of Rule 64 directs this Court to apply state law. See Bahrain Telecommc'ns, 476 F. Supp. 2d at 183; see also Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., No. 03 Civ. 8554 (DCP), 2009 WL 1033389, at *1-2 (S.D.N.Y. Apr. 17, 2009) (applying state law rule not Winter Storm rule to attachments where statute points to state law). Thus, Article 4-A and not federal common law of Rule B applies.

Accordingly, this Court grants in part and denies in part Armada's request for a pre-judgment attachment under Rule 64. Armada may obtain a writ of attachment that is limited to EFTs where a bank is acting as a beneficiary bank on behalf of North China and no further transfer is contemplated.

## CONCLUSION

For the foregoing reasons, Plaintiff Armada (Singapore) Pte Ltd.'s motion for an ex parte order for issuance of a writ of attachment and garnishment is granted in part and denied in part. Plaintiff shall submit a revised order for attachment consistent with this memorandum and order by July 13, 2009.

Dated: July 6, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

James H. Hohenstein, Esq.
Christopher R. Nolan, Esq.
Lissa D. Schaupp, Esq.
Holland & Knight LLP
195 Broadway
New York, NY 10007
*Counsel for Plaintiff*

Tulio R. Prieto, Esq.
Cardillo & Corbett
29 Broadway
New York, NY 10006
*Counsel for Defendant*